DOWNEY, Judge.
The central issue in this case is the meaning of the term “newly acquired automobile” contained in an insurance policy issued by appellee, State Farm Mutual Insurance Company.
Charles J. Brayton was killed as a result of the negligent operation of an automobile owned and operated by Joseph Tabit. Ta-bit had just recently purchased the automobile at a time when he was also the owner of a 1972 Kawasaki motorcycle which was insured by State Farm.
> Brayton’s Administrator sued Tabit and State Farm for wrongful death, and State Farm denied coverage. Brayton’s Administrator then made a claim for uninsured motorist coverage against Brayton’s insurance carrier, St. Paul Mercury Insurance Company. After paying uninsured motorist benefits to the Administrator, St. Paul filed a third party complaint against State Farm, alleging that State Farm did, in fact, have insurance coverage for Tabit applicable to the accident in question. The trial court entered a summary judgment in favor of State Farm and this appeal ensued.
The record reflects that Tabit owned a basic State Farm automobile policy, which had what is known as a “6279D Motorcycle Endorsement.” The basic policy defined “newly acquired automobile” as a four wheel land motor vehicle. However, the motorcycle endorsement specifically deleted the basic policy definition of “automobile.” In addition, it deleted the definition of “owned motor vehicle” and replaced the deleted definition with the following definition of “owned motor vehicle”:
“. the motor vehicle described in the declarations [the motorcycle], and includes a newly acquired automobile.” (Emphasis in policy).
The motorcycle endorsement deleted the basic policy definition of “newly acquired' automobile” and redefined that term as:
. .a motor vehicle of the same type as the described motor vehicle [the motorcycle], ownership of which is acquired by the named insured . . . .”
Thus, the endorsement changes the meaning of “newly acquired automobile” from a four wheel land vehicle to a motorcycle.
In its brief appellee characterizes the State Farm basic policy motorcycle endorsement as follows:
“. . . the intent and meaning of the policy and endorsement was clear. STATE FARM desired to take, and in fact took, its basic automobile insurance policy and modified it by endorsement to provide coverage as extended and limited therein to an insured who owned a motorcycle instead of a four wheel motor vehicle. The language itself is clear and easily conveys its meaning to all who may read it, especially where coverage for newly acquired automobiles is concerned. Such coverage, as broadly defined in the *22 basic policy, was narrowed in the endorsement to include only those vehicles of the same type as the vehicle (i. e. motorcycle) which was insured under the policy and for which a premium was paid.[1] ” (Emphasis appellee’s.)
We feel the foregoing is an apt characterization of the State Farm contract with Tabit.
There was deposition evidence before the trial court that several days before the accident in question Tabit’s mother called the State Farm agent and advised him Tabit had purchased a new automobile. She asked if it would be covered under the motorcycle policy and was told that it would not be covered. An additional premium of $200 would be necessary to afford that coverage. Mrs. Tabit indicated she wanted to look around for less expensive coverage and State Farm was never asked to write the additional coverage. Of course, the difference in the premium for coverage for a motorcycle and a four wheel automobile, as State Farm shows in the above quoted portion of its brief, is significant.
From our study of this record and the briefs of the parties we are of the view that appellant has failed to demonstrate reversible error.
AFFIRMED.
LETTS and ANSTEAD, JJ., concur.

"1The reason for this is obvious. The liability exposure is much greater where an automobile is concerned because of its potential for doing great harm. The record bears this out since it indicates that the premium for motorcycle coverage was only $75.70 while the premium to add automobile coverage was an additional $200.00.”